**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000305
28-FEB-2012
11:18 AM**

NO. CAAP-11-0000305

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CIVIL NO. 08-1-0977
ISLAND HELICOPTERS-KAUAI, INC., Plaintiff-Appellee,
v.
TESORO HAWAII CORPORATION, fka BHP PETROLEUM AMERICAS
REFINING, INC., a subsidiary of TESORO CORPORATION,
Defendant-Appellee,
and
DOE DEFENDANTS 1-100, Defendants
_____

TESORO HAWAII CORPORATION, fka BHP PETROLEUM AMERICAS
REFINING, INC., a subsidiary of TESORO CORPORATION,
Third-Party Plaintiff-Appellee,
v.
STATE OF HAWAII, by and through its
DEPARTMENT OF TRANSPORTATION,
Third-Party Defendant-Appellant,
and
DOE DEFENDANTS 1-100, Defendants
_____

STATE OF HAWAII DEPARTMENT OF TRANSPORTATION,
Fourth-Party Plaintiff-Appellee,
v.
SAFRAN Group, SAFRAN USA, Inc.,
TURBOMECA S.A., TURBOMECA USA, INC.,
Fourth-Party Defendants-Appellees,
and
DOES 1-100, Fourth-Party Defendants

CIVIL NO. 08-1-1038
CHARLES DIPIAZZA and DRAGONFLY DEFERRED
TRUST dated 6 October 2006,
Plaintiffs-Appellees,
v.
TESORO HAWAII CORPORATION, fka BHP PETROLEUM AMERICAS
REFINING, INC., a subsidiary of TESORO CORPORATION,
Defendant-Appellee,
and
DOE DEFENDANTS 1-100, Defendants

_____

TESORO HAWAII CORPORATION, fka BHP PETROLEUM AMERICAS
REFINING, INC., a subsidiary of TESORO CORPORATION,
Third-Party Plaintiff-Appellee,
v.
STATE OF HAWAII, by and through its
DEPARTMENT OF TRANSPORTATION,
Third-Party Defendant-Appellant,
and
DOE DEFENDANTS 1-100, Defendants

_____

STATE OF HAWAII,
Fourth-Party Plaintiff-Appellee,
v.
SAFRAN Group, SAFRAN USA, Inc.,
TURBOMECA ENGINE CORP., TURBOMECA USA, INC.,
Fourth-Party Defendants-Appellees,
and
DOE DEFENDANTS 1-100, Fourth-Party Defendants-Appellee

CIVIL NO. 08-1-2235
JACK HARTER HELICOPTERS, INC.,
Plaintiff-Appellee,
v.
TESORO HAWAII CORPORATION, fka BHP PETROLEUM,
Defendant-Appellee,
and
DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10;
DOE NON-PROFIT ENTITIES 1-10; and DOE
GOVERNMENTAL ENTITIES 1-10, Defendants

_____

TESORO HAWAII CORPORATION fka BHP PETROLEUM,
Third-Party Plaintiff-Appellee,
v.
STATE OF HAWAII, by and through its
DEPARTMENT OF TRANSPORTATION,
Third-Party Defendant-Appellant,

_____

2

STATE OF HAWAII,
Fourth Party Plaintiff-Appellee,
v.
SAFRAN Group, SAFRAN USA, Inc.,
TURBOMECA S.A., TURBOMECA USA, INC.,
Fourth-Party Defendants-Appellees,
and
DOES 1-100, Fourth-Party Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NOs. 08-1-0977, 08-1-1038, 08-1-2235)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Third-Party Defendant/Third-Party Counterclaim Plaintiff/Fourth-Party Plaintiff/Appellant State of Hawai'i Department of Transportation (the State) appeals from the "Order Granting Tesoro Hawaii Corporation's Petition for Determination of Good Faith Settlement and Order of Dismissal (Order)" entered March 9, 2011 in the Circuit Court of the First Circuit[1] (circuit court). The Order (1) granted the "Petition for Determination of Good Faith Settlement and Order of Dismissal (Petition)" filed by Defendant/Counterclaim Plaintiff/Third-Party Plaintiff/Third-Party Counterclaim Defendant/Appellee Tesoro Hawaii Corporation, fka BHP Petroleum Americas Refining, Inc., a subsidiary of Tesoro Corporation (Tesoro) as to a settlement of claims between Tesoro and Plaintiffs/Counterclaim Defendants/Appellees Island Helicopters-Kauai, Inc. and Jack Harter Helicopters, Inc., and Plaintiffs/Appellees Charles Dipiazza and Dragonfly Deferred Trust dated 6 October 2006 (collectively, Plaintiffs) and (2) dismissed Tesoro's counterclaims against Plaintiffs.

On appeal, the State contends the circuit court erred in granting Tesoro's Petition because the provision in the "Release, Indemnification And Settlement Agreement (Settlement Agreement)" reserving Tesoro's right to pursue its appellate

---

[1] The Honorable Karl K. Sakamoto presided.

claims against the State is contrary to Hawaii Revised Statutes (HRS) § 663-12 (1993).[2]

Plaintiffs, operators of commercial helicopter tours on Kauai, alleged Tesoro supplied them with contaminated Jet A fuel, "which caused its helicopter engines to freeze up after being shut off, preventing the engines from re-starting properly ('coking problem')." Plaintiffs filed complaints against Tesoro in Civil Nos. 08-1-0977, 08-1-2235, and 08-1-1038. On January 22, 2010, the circuit court consolidated the three cases for purposes of liability. Id.

The State was joined in the action based on Tesoro's third-party complaint that the State's negligent maintenance and operation of its fuel dispensing system at Lihue Heliport caused the Plaintiffs' coking problems and damages. Cross-Appellants/Fourth-Party Defendants Turbomeca S.A. and Turbomeca USA (Turbomeca Defendants) were joined in the action based on the State's complaint that Turbomeca Defendant's defective design and manufacture of the Arriel engine caused the fuel coking problem and the subsequent alleged economic damages.

On June 15, 2010, the State filed a petition in the circuit court for approval of good faith settlements between the State and Plaintiffs. On August 23, 2010, the circuit court[3] granted the petition between the State and Plaintiffs, determining the parties had settled in good faith. On

---

[2] HRS § 663-12 provides in pertinent part:

§663-12 **Right of contribution; accrual; pro rata share.** The right of contribution exists among joint tortfeasors.

. . . .

A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement.

[3] The Honorable Karl K. Sakamoto presided.

4

September 10, 2010, Tesoro filed a notice of appeal.[4]  The appeal was given appellate court case No. 30736 (No. 30736).  On appeal, Tesoro contended that the settlements had not been made in good faith, and even if they had been made in good faith, the circuit court should have stated that Tesoro was not barred from pursuing its indemnity and contribution claims against the State.

While Tesoro's appeal in No. 30736 was pending, Tesoro and Plaintiffs entered into mediation and reached settlement, signing the Settlement Agreement on February 15, 2011.  On February 22, 2011, Tesoro filed the Petition asking the circuit court for a good faith settlement determination pursuant to HRS § 663-15.5 (Supp. 2010).  On March 9, 2011, the circuit court entered its Order granting the Petition.  On March 29, 2011, the State timely appealed from the Order.

In this appeal, the State contends the Petition should not have been granted because Paragraph 12.m of the Settlement Agreement is contrary to HRS § 663-12.  Paragraph 12.m provides:[5]

> m. <u>No effect on RELEASEES' Appeals</u>. It is understood and agreed by RELEASORS that this Release shall have no effect upon RELEASEES' appeal to the Intermediate Court of Appeals of the State of Hawaii from the Order Granting Petition for Determination of Good Faith Settlement and Dismissing All Claims Against Fourth-Party Defendants Turbomeca SA and Turbomeca USA, Inc. filed herein on August 23, 2010, and the Order Granting Petition for Approval of Good Faith Settlements By & Between Plaintiffs and Third-Party Defendants/Fourth-Party Plaintiff State of Hawaii Department of Transportation- Airports Division, filed herein on August 23, 2010, as RELEASEES do not waive

---

[4]  Tesoro also appealed from the "Order Granting Petition for Determination of Good Faith Settlement and Dismissing All Claims Against Fourth-Party Defendants Turbomeca S.A. and Turbomeca USA, Inc.," (Order Granting Turbomeca's Petition) filed on August 23, 2010 in the circuit court. On April 26, 2011, this court entered the "Order Approving Stipulation for Partial Dismissal of Appeal," which, <u>inter alia</u>, dismissed Tesoro's appeal of the Order Granting Turbomeca's Petition, but specifically noted that Tesoro's appeal of the Order Granting State's Petition remained pending.

[5]  Tesoro's Settlement Agreement with Plaintiffs was filed under seal pursuant to the circuit court's "Order Granting Defendant and Third-Party Plaintiff's Ex-Parte Motion to File Exhibit "1" to Defendant and Third-Party Plaintiff's Petition for Finding of Good Faith Settlement Under Seal." However, in its answering brief, Tesoro provided Paragraph 12.m in its entirety, thus waiving any confidentiality privilege as it relates to Paragraph 12.m.  Hawaii Rules of Evidence Rule 511 (1993).

5

or release in any manner by the execution of this Release any of its claims against the Third-Party and Fourth-Party Defendants, State of Hawaii Department of Transportation-Airports Division and Turbomeca SA and Turbomeca USA, Inc., respectively, and that RELEASEES shall continue to pursue its appellate claims.

Paragraph 12.m provides that Tesoro's settlement with Plaintiffs does not extinguish its appeal in No. 30736. This court recently issued its opinion in No. 30736, affirming the circuit court's determination of good faith settlements between the State and Plaintiffs. See Island Helicopters-Kauai v. Tesoro Hawaii, No. 30736, 2012 WL 503799 (Haw. App. Feb. 13, 2012) (mem.) Because the appeal in No. 30736 has been decided, Tesoro has no further interest in preserving its right to pursue that appeal. Any question regarding that right is moot because the question can now only be determined in the abstract.

"This court may not decide moot questions or abstract propositions of law." Life of the Land v. Burns, 59 Haw. 244, 250, 580 P.2d 405, 409 (1978) (citation, internal quotation marks and brackets omitted).

It is well-settled that the mootness doctrine encompasses the circumstances that destroy the justiciability of a case previously suitable for determination. A case is moot where the question to be determined is abstract and does not rest on existing facts or rights. Thus, the mootness doctrine is properly invoked where "events ... have so affected the relations between the parties that the two conditions for justiciability relevant on appeal-adverse interest and effective remedy-have been compromised."

In re Thomas, 73 Haw. 223, 225-26, 832 P.2d 253, 254 (1992) (ellipsis in the original) (citing Wong [v. Board of Regents, Univ. of Hawaii], 62 Haw. [391,] 394, 616 P.2d [201,] 203-4 [1980]).

McCabe Hamilton & Renny Co., Ltd. v. Chung, 98 Hawai'i 107, 116-117, 43 P.3d 244, 253-254 (App. 2002).

An affirmance would ostensibly require something to be done which had already taken place. A reversal would ostensibly avoid an event which had already passed beyond recall. One would be as vain as the other. To adjudicate a cause which no longer exists is a proceeding which this court uniformly has declined to entertain.

Brownlow v. Schwartz, 261 U.S. 216, 217-18, 43 S.Ct. 263, 67 L.Ed. 620 (1923) (citations omitted).

McCabe Hamilton, 98 Hawaiʻi at 117, 43 P.3d at 254.

The State's only issue in this appeal relates to Tesoro's right to pursue its appeal in No. 30736. That appeal has been decided and we dismiss the instant appeal as moot.

Therefore,

IT IS HEREBY ORDERED that this appeal is dismissed.

DATED: Honolulu, Hawaiʻi, February 28, 2012.

On the briefs:

Randall Y. Yamamoto
Brian Y. Hiyane
(Kawashima, Lorusso)
and
James I. Michaelis, pro hac vice
Kenneth L. Crowder, pro hac vice
(Michaelis, Montanari & Johnson)
and
Bruce Wakuzawa
for Third-Party Defendant-
Appellant
State of Hawaii, Department of
Transportation.

Michael J. McGuigan
Kelvin H. Kaneshiro
Jeffre W. Juliano
Kristi L. Arakaki
(O'Connor Playdon & Guben)
for Defendant-Appellee
Tesoro Hawaii Corporation.

Presiding Judge

Associate Judge

Associate Judge